## Kessler's Estate.

*Wills—Power of sale—Conversion.*

Where a testator gives his estate to his executors in trust to pay the income to his wife for life, and after her death to pay the income of his brother for life and further provides that "for the better management and final distribution of my estate I authorize and empower (and after the decease of my wife and brother which ever shall last happen) order and direct my executors to sell and dispose of the whole or any part of my real estate," the direction to sell after the death of the wife and brother, works a conversion of the real estate into money, and after the death of the wife and brother, it is properly distributed as such.

Argued March 24, 1919. Appeal, No. 253, Jan. T., 1919, by John H. Heiss, from decree of O. C. Philadelphia Co., April T., 1904, No. 463, dismissing exceptions to adjudication in Estate of Thomas Kessler, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication by GEST, J.

From the record it appeared that Thomas H. Kessler died on May 2, 1904, leaving a will and codicils, by which he devised and bequeathed his residuary estate to his executors in trust to pay the income to his wife, Clara E. Kessler, for the term of her life, and upon her decease to pay the income to his brother, George F. Kessler, if living, for the term of his life, and upon the decease of both his said wife and brother.

The fifth clause was as follows: "For the better management and final distribution of my estate I authorize and empower (and after the decease of my wife and brother which ever shall last happen order and direct) my said executors and the survivor of them to sell and dispose of the whole or any part of my real estate, &c."

Clara E. Kessler, the widow, died May 23, 1916, having been predeceased by George F. Kessler, the brother, who died February 3, 1915, so that the trust has terminated.

The fund before the court includes only the sum awarded by the board of viewers for damages for taking ground of the decedent in the opening of Broad street through real estate of which he died seized.

The court distributed the fund as personal property.

Exceptions to the adjudication were dismissed. (See 28 Dist. Rep. 171.) John H. Heiss, a residuary claimant, appealed.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Isaac Gordon Forster,* with him *Abraham Wernick* and *Rowland C. Evans,* for appellant.

*Charles I. Cronin* and *Owen J. Roberts,* for appellee, were not heard.

PER CURIAM, April 21, 1919:

During the continuance of the trust for the benefit of the widow and brother of the testator the sale of his real estate was within the discretion of his executors, but his unqualified direction was that upon the death of the survivor of them, they should sell it for the purpose of distribution. That this converted it into money is beyond question, and it was so properly distributed by the court below: Laird's App., 85 Pa. 339; Dull's Est., 222 Pa. 208.

Appeal dismissed and decree affirmed at appellant's costs.